■ MICHELLE MOSCHELLE, Respondent, v FLEET BANK, Formerly FLEET BANK OF NEW YORK, Appellant. [681 NYS2d 891] —Crew III, J. P. Appeal from an order of the Supreme Court (Dawson, J.), entered March 5, 1998 in Clinton County, which granted plaintiff's motion for summary judgment on the issue of liability.

A number of years ago, plaintiff's father was killed in an accident and plaintiff's mother, Mildred Foti, thereafter commenced a wrongful death action.[1] Such action subsequently was settled and, by order dated June 24, 1976, Supreme Court (Shea, J.) directed, *inter alia*, that the sum of $14,120.99 be awarded to: "Mildred B. Foti, as parent of [plaintiff], jointly with the managing officer of State Bank of Albany, Plattsburgh Office * * * [with such sum] to be placed on deposit in an interest bearing account with the State Bank of Albany, and to remain on deposit subject to further order of this Court, and to be paid to said infant requiring no further order from this court, on her attaining her majority on October 7, 1983".[2] According to plaintiff, she first learned of the existence of such funds in September 1994 while reviewing documents related to

---

**1.** Although plaintiff's "parents" were in fact her grandparents, the pleadings and relevant court orders all refer to Mildred Foti as plaintiff's mother, as will this Court for purposes of this decision.

**2.** The State Bank of Albany was a predecessor in interest to defendant.

her father's estate. Although plaintiff contacted defendant and requested payment of the moneys due her, defendant was unable to find any evidence that the account referenced in the June 1976 order ever existed and, hence, refused to comply with plaintiff's demand.

Plaintiff thereafter commenced this action against defendant seeking to collect $14,120.99 plus accrued interest. Defendant answered and asserted as one of its affirmative defenses that plaintiff's claims were barred by the applicable Statute of Limitations. Following some discovery, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court (Ryan, Jr., J.) denied the respective motions and discovery resumed. Plaintiff then amended her complaint and defendant answered, again raising the Statute of Limitations as an affirmative defense. Plaintiff's subsequent motion for summary judgment was granted as to liability, prompting this appeal by defendant.

There must be a reversal. Although we are unable to conclude that plaintiff's claims indeed are barred by the Statute of Limitations,[3] we agree with defendant that plaintiff is not entitled to summary judgment in any event. In this regard, we note that defendant asserts that certain of the proof submitted by plaintiff in support of her motion for summary judgment was not in admissible form and, therefore, should not have been considered by Supreme Court. This issue need not detain us, however, as the most relevant document in the record— namely, the insurance company draft made payable to plaintiff's mother and the State Bank of Albany, defendant's predecessor in interest, is, on its face, sufficient to raise a question of

**3.** In declining to grant defendant's motion for summary judgment dismissing the complaint on Statute of Limitations grounds, Supreme Court relied upon UCC 3-122 (2), which provides that "[a] cause of action against the obligor of a demand or time certificate of deposit accrues upon demand, but demand on a time certificate may not be made until on or after the date of maturity". As plaintiff did not demand such funds until 1994 and commenced this action in 1995, Supreme Court reasoned that plaintiff's claims fell within the six-year Statute of Limitations set forth in CPLR 213.

On appeal, defendant contends that Supreme Court's reliance upon UCC 3-122 (2) (*see*, CPLR 206 [a]) is misplaced in that there is no evidence that the deposit allegedly made by plaintiff's mother took the form of a certificate of deposit. As will be discussed, *infra*, however, there is a question of fact as to the form, if any, that the alleged deposit took and, absent a definitive determination in this regard, we are unable to conclude, as defendants argue, that UCC 3-122 (2) is inapplicable and plaintiff's claims therefore are untimely.

fact as to whether defendant incurred any obligation with respect to plaintiff.

The front of the draft in question is stamped "CASHED S.B.A. 08-10". Ronald Marino, the branch manager for defendant's downtown Plattsburgh office, averred that "[t]his is a stamp placed by Fleet Bank on the check to show that the check was cashed".[4] The reverse side of the check, however, insofar as can be deciphered, is endorsed by plaintiff's mother, stamped "[c]redited the within named account" and signed by Daniel Dunn, a former and now deceased officer of defendant. Given the conflicting bank stamps, the document itself creates a substantial question as to whether the funds were deposited in accordance with the June 1976 order. Such proof, coupled with plaintiff's inability to produce a deposit slip, passbook or bank statement and Marino's averments that defendant has been unable to uncover any trace of an account in either plaintiff's maiden or married name or her mother's name, is sufficient to raise a question of fact as to defendant's obligation to plaintiff, if any. Accordingly, plaintiff's motion for summary judgment must be denied.

White, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.

---

4. The "08-10" designation refers to the branch and teller numbers, respectively.